**Jane L. Moisan,** OSB No. 181864
peopleslawproject@gmail.com
PEOPLE'S LAW PROJECT
818 S.W. 3rd Avenue #221-3789
Portland, OR 97204
Phone (971) 258-1292

**Juan C. Chavez**, OSB #136428
**Franz Bruggemeier**, OSB #163533
Oregon Justice Resource Center
PO Box 5248
Portland, OR 97208
Telephone: 503-944-2270
Facsimile: 971-275-1839

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| DAMESHA SMITH, | **Case No. 3:22-cv-00927** |
| Plaintiff, | COMPLAINT |
| v. | Violations of Civil Rights: 42 U.S.C. § 1983 |
| **CITY OF PORTLAND, a municipal corporation, Portland Police Bureau ("PPB") Police Officers ("P.O.") JOHN DOES 1 through 5 (the names John Doe being fictitious, as the true names and shield numbers are not presently known), in their individual capacities,** | JURY TRIAL DEMANDED |
| Defendants. | |

Plaintiff DAMESHA SMITH, by and through her attorneys, does hereby state and allege:

## PRELIMINARY STATEMENT

This is a civil rights action brought to vindicate Plaintiff's rights under the Fourth and Fourteenth Amendments of the Constitution of the United States, through the Civil Rights Act of 1871, *as amended*, codified as 42 U.S.C. § 1983, with pendant claims under the laws of the State of Oregon.

Plaintiff Damesha Smith's ("Ms. Smith") rights were violated on June 30, 2020 when officers of the Portland Police Bureau unconstitutionally and without any legal basis used unlawful force against her and placed her under arrest as she attempted to make her way through a protest to pick up her 8 year-old son from her mother's apartment.

By reason of Defendants' actions, Plaintiff was deprived of her constitutional rights. Plaintiff seeks an award of compensatory and punitive damages and attorneys' fees.

## I. JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §§ 1331, 1343(a)(3-4). This case is brought pursuant to 42 U.S.C. § 1983 and § 1988 for violations of the First, Fourth and Fourteenth Amendments to the Constitution of the United States.

2.      This court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear and determine Plaintiff's state law claims because those claims are related to Plaintiff's federal law claims and arise out of a common nucleus of facts. Plaintiff's state law claims are related to their federal law claims such that those claims form part of the same case or controversy under Article III of the United States Constitution. Jurisdiction is also conferred under 28 U.S.C. § 1343.

3.      Plaintiff submitted a Notice of Claim pursuant to ORS 30.275 *et seq* ("OTCA") on December 28, 2020, and within 180 days of the incident. Plaintiff has complied with all

necessary obligations under the OTCA.

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the District of Oregon, and because Defendants are subject to personal jurisdiction in the District of Oregon.

## II. PARTIES

5.      Plaintiff Damesha Smith is a resident of the State of Oregon and Multnomah County.

6.      Defendant City of Portland ("City") is a municipal entity created and authorized under the laws of the State of Oregon. The City is authorized to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. As a local governmental entity, the City is a suable person under 42 U.S.C. § 1983. Defendant City assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attached to the public consumers of the services provided by the PPB. Per 0RS 30.285(1), the City must indemnify its officers for their tortious acts and is therefore liable for the purposes of this action.

7.      Upon information and believe, Defendants JOHN DOEs 1 through 5 are and were at all times relevant herein, officers, employees and agents of the City's Portland Police Bureau ("PPB").

8.      Defendants JOHN DOEs 1 through 5 (collectively referred to as "individual defendants") are being sued in their individual capacities. Plaintiff intends to amend to name the individual defendants as parties to this lawsuit once their true names and identities have been discovered.

9.      At all times relevant herein, the individual defendants were acting under color of

state law in the course and scope of their duties and functions as agents, servants, employees, and

officers of PPB and otherwise performed and engaged in conduct incidental to the performance

of their lawful functions in the course of their duties. They were acting for and on behalf of the

PPB at all times relevant herein, with the power and authority vested in them as officers, agents

and employees of the PPB and incidental to the lawful pursuit of their duties as officers,

employees and agents of the PPB.

### III. FACTUAL ALLEGATIONS

10.    Plaintiff Damesha Smith ("Ms. Smith") is a native Portlander who identifies as

Black and is mother to a ten (10) year-old boy. Ms. Smith grew up in the church singing in the

choir and going to bible study every summer. She only become involved in the George Floyd

protests of 2020 after she was falsely arrested on June 30, 2020, as describe *infra*.  Prior to her

arrest, she had previously only attended a Juneteenth celebration.

11.    As was Ms. Smith's routine, on June 30, 2020, she dropped her son off with her

mother while she went to work. After her shift ended at or around 9:00 p.m., Ms. Smith headed

to her mother's house to pick up her son.

12.    She arrived and parked her car in the vicinity of her mother's house near North

Interstate Avenue and North Lombard. As she made her way to her mother's apartment building,

walking westward on North Lombard Street near the intersection of North Concord, the

surrounding roads and sidewalks were occupied by protest activity and Ms. Smith observed

officers of the Portland Police Bureau (PPB) wearing riot gear.

13.    As Ms. Smith walked down N. Lombard approaching N. Concord, she informed

Defendant John Doe 1 that she was not part of the protests and asked him how she might access

the apartment building located at 1835 N. Lombard, between N. Fenwick and N. Elmore Streets,

in order to get to her mother's home. Defendant John Doe 2 instructed her to stay on the sidewalk. She complied and stayed by a fence along the sidewalk.

14.    Ms. Smith showed both Defendants John Doe 1 and John Doe 2 her driver's license, which stated the address of 1835 N. Lombard Street, in order to make sure they understood she was trying to get through the protest rather than join the protest. Ms. Smith observed Defendant John Doe 1 "smirking" at her and pointing a weapon at her. During this time, Ms. Smith witnessed multiple other officers shooting munitions and striking protesters. Fearing for her safety, she remained on the sidewalk and repeated, within earshot of Defendants John Doe 1 and 2, that her family home was within the residence. She continued to hold out her license.

15.    Without justification or provocation, Defendant John Doe 1 then rushed at Ms. Smith and struck her repeatedly with a baton. The officer pinned her against the fence and caused injury to her head, shoulders, and arms, and placed her under arrest without probable cause and without reason to think Ms. Smith had broken or would break the law in any way. At no point had Ms. Smith posed any threat to persons or property.

16.    After Ms. Smith was placed under arrest and when she was being walked to the police car, Ms. Smith's mother came out and informed Defendants John Does 3 through 5 that Ms. Smith was merely trying to get home, but they refused to intervene.

17.    Ms. Smith's then seven (7) year-old son watched, crying at the window above, while his mother was placed into a police car and taken away for no reason that he, his mother, or his grandmother could understand. Her son was beside himself and could not sleep. He experienced nightmares for months afterward. As a result of this incident, he is still afraid of the police.

18.    Officers of the PPB knew Ms. Smith had not committed a crime and she had been present only in order to make her way to the residence.

19.    Ms. Smith was taken by police car to the Multnomah County Jail and processed. Ms. Smith was held in a jail cell until she was released on her own recognizance and without bail at or around 6:00 a.m. the morning of July 1, 2020. The District Attorney declined to prosecute her charges, which Ms. Smith did not learn until September 2, 2020.

20.    Although Ms. Smith understands herself to have been the first person placed under arrest that night, she was the last person she observed being released the following day. In her observations, she was also the last person to have their handcuffs removed. Upon information and belief, she was the only Black civilian present that night.

21.    Since the George Floyd protests began, millions of dollars have been funneled to the PPB for the ostensible purpose of keeping the community safe from any potential threats posed by protesters. Their job that night was to keep the community safe. Instead, they attacked a member of the community they were supposed to be protecting, kidnapped her, and falsely swore out serious charges against her, charging her with interfering with a police officer, assault of a police officer and misdemeanor harassment.

22.    As a result of Defendants John Doe's 2 through 5's failure to intervene, Plaintiff suffered physical and mental harms.

23.    As a result of the violations of Ms. Smith's rights by defendants, Ms. Smith suffered mental harms and required medical evaluation and treatment.

24.    As a result of Defendants' conduct and arresting her without probable cause, and then posting her arrest mugshot to Twitter, Ms. Smith suffered reputational impacts and harassment, as well as significant and pervasive fear for her safety.

## IV.

### FIRST CLAIM
### Unlawful Arrest or Detention in Violation of the Fourth Amendment
### *Pursuant to 42 U.S.C. § 1983*

25.     Plaintiff incorporates by reference the allegations set forth *supra* as if set forth fully herein and further alleges:

26.     Plaintiff has the right under the Fourth Amendment of the United States Constitution to be free from arrest not based on a probable cause belief that the particular person has committed, is committing, or is about to commit a crime.

27.     Defendants involved in the arrest of Plaintiff violated her rights when they arrested her lacking probable cause to believe she had committed any crime or was about to commit a crime.

28.     Defendants in a supervisory capacity are held liable for violations due to their own culpable action or inaction either through (a) their own direct participation in the violations; (b) failure to train, supervise or control subordinates; (c) their own acquiescence in the constitutional deprivations; (d) failure to remedy a wrong after learning of the violation; (e) creating a custom, practice or policy that leads subordinate staff to commit constitutional violations or allowing such custom, practice or policy to continue; or (f) other conduct which shows a reckless or callous indifference to the constitutional rights of others.

29.     Upon information and belief, Supervisory Defendants authorized and/or acquiesced to the conduct alleged herein which caused Plaintiff's injuries.

30.     At all times material, the law was clearly established that Defendants' seizure of Plaintiff in the manner and under the circumstances was unreasonable and any objectively reasonable law enforcement officer would have known that the seizure of Plaintiff violated her

clearly established Fourth Amendment rights. Defendants' conduct was well-defined by law and each Defendant knew or should have known that their conduct was not only well below the standard prescribed by law, but illegal *per se*.

31. Defendants' conduct was malicious, oppressive, and/or in reckless disregard of Plaintiff's Fourth Amendment rights.

32. As a direct and proximate result of Defendants' unconstitutional acts, Plaintiff suffered physical injury and mental harms, outrage, betrayal, offense, indignity, and insult causing damage in amounts to be determined at trial.

33. Plaintiff is entitled to an award of punitive damages against Defendants to punish and deter them and others from similar deprivations of constitutional rights in the future.

**SECOND CLAIM**
**Excessive Force in Violation of the Fourth Amendment**
***Pursuant to 42 U.S.C. § 1983***

34. Plaintiff incorporates by reference the allegations set forth *supra* as if set forth fully herein and further alleges:

35. Plaintiff is entitled to be free from unlawful seizure of their person pursuant to the parameters of the Fourth Amendment to the United States Constitution. Defendants violated Plaintiff's rights to be free from undue, unreasonable, and deadly force when they struck her repeatedly and pinned her forcefully and rendered her trapped and detained without probable cause to believe she had or would imminently commit a crime or posed a threat.

36. Plaintiff was seized without lawful basis by Defendants when PPB officers intentionally, through the use of force and arrest, terminated Plaintiff's freedom of movement and caused her physical harm. Defendants committed these acts without forewarning or a proportional threat, and as a result, Defendants were objectively unreasonable and constituted

unlawful seizure and excessive force.

37.    At all times material, the law was clearly established that Defendants' use of force, in the manner and under the circumstances used against Plaintiff, was objectively unreasonable and any reasonable law enforcement officer would have known that the force used against Plaintiff was unreasonable and violated her clearly established Fourth Amendment rights. Defendants' conduct was well-defined by law and each Defendant knew or should have known that their conduct was not only well below the standard prescribed by law, but illegal *per se*.

38.    Defendants' conduct was malicious, oppressive, and/or in reckless disregard of Plaintiff's Fourth Amendment rights.

39.    As a direct and proximate result of Defendants' unconstitutional acts, Plaintiff suffered physical injury and mental harms, outrage, betrayal, offense, indignity, and insult causing damage in amounts to be determined at trial.

40.    Plaintiff is entitled to an award of punitive damages against Defendants to punish and deter them and others from similar deprivations of constitutional rights in the future.

### THIRD CLAIM
### Failure to Intervene in Violation of the Fourth Amendment
### Pursuant to 42 U.S.C. § 1983

41.    Plaintiff incorporates by reference the allegations set forth *supra* as if set forth fully herein and further alleges:

42.    Members of the PPB have an affirmative duty to assess the constitutionality of interactions between their fellow members of service and civilians and to intervene where they observe another member of the Police Department or other law enforcement agency employing unjustified and excessive force against a civilian or falsely arresting a civilian.

43.    Defendant Police Officers John Does 2 through 5 were present for the above-

described incident and witnessed another defendant, to wit, Defendant John Doe 1, use excessive force against Plaintiff.

44.     Defendants' arrest against Plaintiff was obviously unjustified under the circumstances yet the individual defendants failed to take any action or make any effort to intervene, halt or protect Plaintiff from being subjected to excessive force by other individual defendants, despite having the opportunity to do so.

45.     Supervisory Defendant violated Plaintiff's constitutional rights by failing to intervene in the Individual Defendants' clearly unconstitutional use of force, which resulted in the injuries and damages set forth above.

## FOURTH CLAIM
## Assault, a Claim Arising Under ORS 30.265

46.     Plaintiff incorporates by reference the allegations set forth *supra* as if set forth fully herein and further alleges:

47.     In taking the actions described above, Defendant City's law-enforcement employees acted intentionally in placing Plaintiff under constructive and actual restrain and taking Plaintiff into custody to cause harmful or offensive contact with Plaintiff or to place Plaintiff in apprehension of imminent harmful or offensive contact. Plaintiff reasonable believed the harmful and offensive conduct would occur.

48.     Such actions of Defendant City's law-enforcement employees were unreasonable and excessive under the circumstances and were not otherwise privileged or justified under ORS 161.205 *et seq*.

49.     In performing the above-described acts, Defendant City directly and proximately caused Plaintiff to suffer economic and non-economic damages.

## FIFTH CLAIM
### Battery, a Claim Arising Under ORS 30.265

50.     Plaintiff incorporates by reference the allegations set forth *supra* as if set forth fully herein and further alleges:

51.     In bodily restraining and harming Plaintiff, Defendant John Doe 1 acted with the intent to cause harmful or offensive contact with Plaintiff. Defendant John Doe 1's actions directly or indirectly caused a harmful or offensive contact with Plaintiff. Defendant John Doe 1's actions were not privileged. As such, the City is liable for battery. Because Defendant John Doe 1's use of force was excessive, his actions were not privileged under ORS 161.235.

52.     Such actions of Defendant City's law-enforcement employees were unreasonable and excessive under the circumstances and were not otherwise privileged or justified under ORS 161.205 *et seq*.

53.     In performing the above-described acts, Defendant City directly and proximately caused Plaintiff to suffer economic and non-economic damages.

## SIXTH CLAIM
### Negligence, a Claim Arising Under ORS 30.265

54.     Plaintiff incorporates by reference the allegations set forth *supra* as if set forth fully herein and further alleges:

55.     The above-described actions of the Individual Defendants created a duty of care to Plaintiff. The above-described actions of the Defendants breached that duty of care.

56.     Defendants' above-described individual or cumulative acts were unreasonable and excessively dangerous in light of the risk to Plaintiff and in light of the purported purposes of the acts.

57.     In performing the above-described individual and cumulative acts, Defendant

City's law-enforcement employees directly and proximately caused Plaintiff physical and/or mental harm while infringing on Plaintiff's rights to be free from unlawful violence.

58.    Plaintiff's physical and mental harms and injuries were within the general type of potential incidents and injuries that made Defendant's conduct negligent. That is, the acts of Defendant City's law enforcement employees in using indiscriminate force, violence, and collective punishment, as described above, against lawful protestors and/or persons engaged in passive resistance created a foreseeable and unreasonable risk of harm of physical and mental harm that reasonably would likely result in infringements of Plaintiff's rights to be free from unlawful violence.

59.    Defendant City is vicariously and directly liable to Plaintiff for the conduct of the Individual Defendants and law enforcement agents alleged herein.

60.    In performing the above-described acts, Defendants directly and proximately caused Plaintiff to suffer physical and mental harms and economic and non-economic damages.

61.    In performing the above-described acts, Defendant directly and proximately caused Plaintiff to suffer economic and non-economic damages.

62.    Defendant City is vicariously liable to Plaintiff for the above-described conduct, which took place within the time and place of the Individual Defendant's employment and were in part motivated by the Individual Defendants' motivation to serve Defendant City and in furtherance of law enforcement purposes the Individual Defendants were hired to perform.

**SEVENTH CLAIM**
**False Arrest**

63.    Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein and further alleges:

64.    Defendant City's employee law-enforcement officers intended and did detain,

arrest, confine and otherwise restrain Plaintiff on allegations of refusal to disperse pursuant to a law enforcement order, pursuant to ORS 162.247.

65.     Plaintiff was aware that they were being detained, arrested, confined or otherwise restrained by Defendant City's employee law-enforcement officers.

66.     Defendant City's employee law-enforcement officers did not have lawful basis to detain, arrest, confine and otherwise restrain Plaintiff on allegations arising from refusal to disperse pursuant to a law enforcement order.

67.     Plaintiff was not engaged in any criminal activity, and there was not probable cause to believe that they were engaged in any activity that would give rise to detention, arrest, confinement, or restraint.

## REASONABLE ATTORNEY'S FEES AND COSTS

68.     42 U.S.C. § 1988(b) allows "the prevailing party… a reasonable attorney's fee as part of the costs…" in an action brought under 42 U.S.C. § 1983.

69.     Plaintiff requests that the Court grant a reasonable attorney's fee in this action.

## <u>JURY DEMAND</u>

70.     Plaintiff requests a trial by jury in this action on each and every one of her damages claims.

WHEREFORE, Plaintiff respectfully requests judgment against the Defendants jointly and severally and prays for relief as follows:

a.     An award for compensation for violation of her constitutional rights, pain, suffering, mental anguish, and humiliation; and

b.     An award of punitive damages against the individual Defendants; and

c.     An award of attorneys' fees, costs, and disbursements, as pleaded above; and

d.     For such other relief as the Court may deem just and proper.

Dated: June 29, 2022.

Respectfully submitted,

By: /s/ Jane L. Moisan
Jane L. Moisan, OSB No. 181864
Juan C. Chavez, OSB No. 136428
Franz Bruggemeier, OSB No. 163533