IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**DAMESHA SMITH**,

        Plaintiff,

    v.

**CITY OF PORTLAND**, **and JOHN DOES 1-5**,

        Defendants.

Case No. 3:22-cv-927-SI

**OPINION AND ORDER**

Franz H. Bruggemeier and Juan C. Chavez, OREGON JUSTICE RESOURCE CENTER, P.O. Box 5248, Portland, OR 97208; and Jane L. Moisan, PEOPLE'S LAW OFFICE, 1500 SW First Avenue, Suite 1000, Portland, OR 97201. Of Attorneys for Plaintiff.

Trung D. Tu, PORTLAND CITY ATTORNEY'S OFFICE, 1221 SW Fourth Avenue, Suite 430, Portland, OR 90204. Of Attorneys for Defendant City of Portland.

**Michael H. Simon, District Judge.**

    Damesha Smith brings this action against the City of Portland (City) and five unnamed officers of the Portland Police Bureau (PPB), designated as John Does 1-5. Smith's claims arise from events alleged to have occurred on June 30, 2020, when PPB officers detained and arrested Smith. Smith asserts § 1983 claims against the City and Does 1-5 for unlawful arrest, excessive force, and failure to intervene, all in violation of the Fourth Amendment (First, Second, and Third Claims). Smith also asserts state-law claims against the City for assault, battery, negligence, and false arrest (Fourth, Fifth, Sixth, and Seventh Claims). The City asserts a counterclaim against Smith for attorney's fees.

    On February 27, 2023, the Court entered a Scheduling Order that, among other things, set a June 19, 2023 deadline for the parties to amend pleadings, add parties, and join claims.

PAGE 1 – OPINION AND ORDER

ECF 12. On September 25th, the City filed a Motion for Summary Judgment (Motion) against all of Smith's claims. On October 26, 2023, Smith filed a Motion to Extend, seeking to extend the June 19, 2023 deadline to amend pleadings. Among other things, Smith explained that she would seek to amend her Complaint to substitute named Defendants for the Doe Defendants. On November 15, 2023, and while the Motion to Extend was pending, Smith filed a Combined Response to Defendant City's Motion for Summary Judgment and Request for a Deferral of Ruling (Response). On April 16, 2024, the Court denied Smith's Motion to Extend. *See* ECF 31. Now pending before the Court is the City's Motion. For the reasons stated below, the Court grants the City's Motion.

## STANDARDS

**A. Motion for Summary Judgment Under Rule 56(a)**

A party is entitled to summary judgment if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of establishing the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The court must view the evidence in the light most favorable to the non-movant and draw all reasonable inferences in the non-movant's favor. *Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1257 (9th Cir. 2001). Although "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment," the "mere existence of a scintilla of evidence in support of the plaintiff's position [is] insufficient." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 255 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quotation marks omitted).

PAGE 2 – OPINION AND ORDER

B.  **Deferral of Ruling Under Rule 56(d)**

Rule 56(d) of the Federal Rules of Civil Procedure provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to a motion for summary judgment], the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." "To prevail on a request for additional discovery under Rule 56(d), a party must show that: (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *InteliClear, LLC v. ETC Glob. Holdings, Inc.*, 978 F.3d 653, 662 (9th Cir. 2020) (quotation marks omitted); *see also Tatum v. City & County of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006) (explaining that a party seeking relief under Rule 56(d) "must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment").

## DISCUSSION

A.  **Section 1983 Claims and Plaintiff's Motion for Deferral of Ruling**

Smith asserts her First, Second, and Third claims under § 1983 based on Defendants' alleged violations of Smith's federal constitutional rights. The City moves for summary judgment against those claims on two grounds. First, the City points out that Smith did not assert a *Monell* claim against the City but instead sought to hold the City vicariously liable for the

conduct of its employees (which is not permissible under § 1983[1]). Second, the City notes that it is immune from liability for punitive damages under § 1983.[2]

Smith concedes that "that dismissal of her [§ 1983] claims as against [the] City is appropriate under the current complaint" and that "the City, as a municipality, is immune from claims for punitive damages" under § 1983. Smith, however, asks that the Court defer ruling on the City's Motion. First, she asks that the Court defer its ruling so that she may amend her Complaint "to identify presently unnamed officers" and to "assert a *Monell* claim against [the] City."[3] Second and in the alternative, Smith moves for a deferral under Rule 56(d) so that she Smith can conduct additional discovery that would enable her to overcome the City's Motion.

Smith's first request—that the Court defer ruling on the City's Motion so that she may amend her Complaint—is not simply a motion for deferral, but also a motion to amend.[4] As the Court discussed in denying Smith's Motion to Extend, Smith has failed to meet her burden under

---

[1] *See Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) ("[A] municipality cannot be held liable under § 1983 on a *respondeat superior* theory."); *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (noting that "vicarious liability is inapplicable to . . . § 1983 suits").

[2] *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981) (holding that "a municipality is immune from punitive damages under 42 U.S.C. § 1983"). Against all Defendants, Smith seeks economic damages, noneconomic damages, and punitive damages.

[3] Smith asks that the Court then permit her to "amend her Response to [the City's] Motion to incorporate a proposed First Amended Complaint." Even if Smith could amend her Complaint at this stage, the Court would not then permit her to amend her Response by "incorporate[ing]" the First Amended Complaint. Rather, the Court would deny the City's Motion without prejudice and permit the City to move against the First Amended Complaint. *See, e.g.*, *Farkas v. Gedney*, 2014 WL 5782788, at *3 (D. Nev. Nov. 6, 2014) ("[B]ecause granting [plaintiff's] motion for leave to amend will alter the scope of defendants' now-filed motion for summary judgment, defendants' motion for summary judgment is denied without prejudice, subject to re-filing based on the scope of the soon-to-be amended complaint.").

[4] Smith filed her Response without the benefit of the Court's ruling on her Motion to Extend.

PAGE 4 – OPINION AND ORDER

Rule 16(b) to justify amendment of the scheduling order, and therefore cannot amend her Complaint.[5] *See* ECF 31. Accordingly, the Court declines to defer ruling on the City's Motion on this ground.

Given that Smith concedes the City's arguments for granting summary judgment in favor of the City on her § 1983 claims as those claims are asserted in her Complaint, it is not clear how Smith's *alternative* request for further discovery under Rule 56(d) could enable her to survive the City's Motion. The City moves for summary judgment against those claims as a matter of law, arguing that (1) Smith cannot hold the City vicariously liable under § 1983 for the conduct of its employees (and did not assert a proper *Monell* claim); and (2) the City is immune from liability for punitive damages. Smith does not explain how further discovery might help her counter those arguments. Regardless, Smith has failed to satisfy the requirements of Rule 56(d).

Smith has not "set forth in affidavit form the specific facts [she] hopes to elicit from further discovery" that would enable her to "justify [her] opposition" to the City's Motion. *See* Fed. R. Civ. P. 56(d); *see also InteliClear*, 978 F.3d at 662 (setting forth burden on party requesting additional discovery under Rule 56(d)). Smith's attorney submitted a Declaration in support of Smith's request for a deferral of a ruling, *see* Moisan Decl. (ECF 24-1), but the *only* facts identified in that Declaration that were not already known to Smith at the time she filed her Response and that seeks to learn through further discovery involve the identities of the Doe Defendants. *See id.* ¶ 9. As discussed, Smith cannot amend her Complaint to add the identities of

---

[5] In her Motion to Extend, Smith did not discuss her intention to amend her Complaint to add a *Monell* claim. Smith also does not explain in her Response why she did not assert that claim in her Complaint or timely move to amend her Complaint to include that claim. Thus, even if Smith had properly moved to extend the deadline to amend her Complaint to add this claim, she would have failed to satisfy her burden under Rule 16. *See* ECF 31 at 2-3 (discussing requirements of Rule 16(b)).

PAGE 5 – OPINION AND ORDER

the Doe Defendants. Nor would identifying those Defendants have any bearing on whether the Court should grant summary judgment in favor of the City on Smith's § 1983 claims.

Because Smith cannot amend her Complaint and has failed to satisfy her burden under Rule 56(d), the Court denies Smith's request for a deferral of a ruling. Further, because Smith concedes that she cannot hold the City vicariously liable under § 1983 (the only basis for recovery against the City asserted in the Complaint) the Court grants summary judgment in favor of the City on Smith's § 1983 claims.

**B. State-Law Claims**

    **1. Supplemental Jurisdiction Under 28 U.S.C. § 1367(c)**

Because the Court grants summary judgment for the City on Smith's § 1983 claims, the only claims remaining are Smith's state-law claims. Under 28 U.S.C. § 1367(c), a district court "may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." A district court's exercise of discretion in these circumstances "is informed by whether declining jurisdiction comports with the underlying objective of most sensibly accommodating the values of economy, convenience, fairness, and comity." *O'Connor v. Nevada*, 27 F.3d 357, 363 (9th Cir. 1994) (cleaned up).

"In the usual case in which federal-law claims are eliminated before trial, the balance of factors will point toward declining to exercise jurisdiction over the remaining state law claims." *Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1046 (9th Cir. 1994) (cleaned up) (emphasis omitted). However, given the late stage of proceedings in this case, the dispositive nature of the pending, fully briefed motion, and the fact that the issues in dispute do not involve complex questions of state law, the Court exercises its discretion to retain jurisdiction over Smith's remaining state-law claims. The Court therefore considers whether summary judgment on Smith's state-law claims should be granted in favor of the City.

### 2. Statute of Limitations

The City moves for summary judgment against all of Smith's state-law claims on statute-of-limitations grounds. The parties do not dispute that the two-year statute of limitations applicable to Smith's claims expired on June 30, 2022. It is also undisputed that Smith filed her Complaint on June 28, 2022 and that the Summons and Complaint were served on the City 86 days later, on September 22, 2022.

The City argues that even though Smith filed her Complaint within the limitations period, her claim is nonetheless untimely because she did not serve the City until more than 60 days after the filing of the Complaint. In so arguing, the City relies on Oregon Revised Statutes (ORS) § 12.020, which provides that an action is deemed commenced for statute-of-limitations purposes on the day the complaint is filed, *so long as the defendant is served with the summons within 60 days*; if the defendant is *not* served within 60 days, the action is deemed commenced on the date the defendant is served. According to the City, ORS § 12.020 controls, and because Smith did not serve the City until 86 days after she filed her complaint, her state-law claims are barred by the statute of limitations. Smith responds that because this court has federal question jurisdiction over this case, federal procedural law—not ORS § 12.020—controls. Under Smith's theory, if the Court applies federal procedural law, the Court may (and should) extend the time to serve under Rule 4(m) of the Federal Rules of Civil Procedure,[6] such that her state-law claims should

---

[6] Rule 4(m) provides in pertinent part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on a motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

PAGE 7 – OPINION AND ORDER

be considered timely commenced for statute-of-limitations purposes.[7] For the reasons explained below, the Court agrees with the City that ORS § 12.020 controls and that Smith's claims are therefore barred by the statute of limitations.

Under the *Erie* doctrine, a federal court exercising diversity jurisdiction over a state-law claim must apply the substantive law of the state and federal procedural law. *See Cooper v. Tokyo Elec. Power Co. Holdings, Inc.*, 960 F.3d 549, 557 (2020) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)). The principles of *Erie* "apply equally in the context of pendent jurisdiction." *Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 422, 423 (9th Cir. 1997) (citing, *inter alia*, *Maternally Yours, Inc. v. Your Maternity Shop, Inc.*, 234 F.2d 538, 540 n.1 (2d Cir. 1956)[8]); *see also Nathan v. Boeing Co.*, 116 F.3d 422, 423 (9th Cir. 1997) (looking to an

---

[7] Among other things, Smith asks that the Court extend the time to serve under Rule 4(m). Her Complaint, however, was timely filed within 90 days under that rule. *See* Fed. R. Civ. P. 4(m) (providing that "*[i]f a defendant is not served within 90 days* after the complaint is filed" and the plaintiff shows good cause for her failure to serve within that time, the court must extend the time for service). Smith appears to conflate the date of service of a complaint under Rule 4(m)—a rule that imposes a purely *procedural* requirement, *Torre v. Brickey*, 278 F.3d 917, 919 (9th Cir. 2002)—with the date of "commencement" of a lawsuit. *See* ECF 24 at 11 ("The question at hand is whether there can be two conflicting rules governing the time to serve a single summons and complaint. . . . Because it is a federal law that confers this [C]ourt's jurisdiction in this case, the federal rule governing time to serve controls for all claims."). The date of service is not necessarily coterminous with the date on which a lawsuit is deemed "commenced" for purposes of the Federal Rules of Civil Procedure or otherwise. *See* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."); *cf. Pelster ex rel Boyer v. Walker*, 185 F. Supp. 2d 1174, 1179 (D. Or. 2001) (holding that "[e]ven though Rule 4(m) gives the Court authority to extend the time to effect service of a complaint, Rule 4(m) does not change the substantive time limitation provisions of state law" (collecting cases)); Or. R. Civ. P. 3 ("*Other than for purposes of statutes of limitations*, an action shall be commenced by filing a complaint with the clerk of the court." (emphasis added)). In any event, because the Court concludes that state law and not federal procedural law governs the disputed statute-of-limitations issue, the Court does not further address Smith's arguments concerning the Federal Rules of Civil Procedure.

[8] In *Maternally Yours*, the Second Circuit explained: "[I]t is the source of the right sued upon, and not the ground on which federal jurisdiction over the case is founded, which determines the governing law. Thus, the Erie doctrine applies, whatever the ground for federal

"analogous" diversity case in deciding whether state or federal law should apply to an issue involving a pendent state-law claim). State statutes of limitations and timeliness issues are "substantive" issues for purposes of *Erie*. *See, e.g.*, *Harvey's Wagon Wheel, Inc. v. Van Blitter*, 959 F.2d 153, 157 (9th Cir. 1992) ("Statutes of limitations, which dictate the life of state causes of action, are too intimately connected with the substance of the state-created right to be disregarded by the federal courts."); *Pelster ex rel Boyer v. Walker*, 185 F. Supp. 2d 1174, 1179 (D. Or. 2001) (concluding that "[e]ven though Rule 4(m) gives the court authority to extend time to effect service of a complaint, Rule 4(m) does not change the substantive time limitation of state law").[9]

Consistent with these cases, the Court finds the Ninth Circuit's decision in *Torre v. Brickey*, 278 F.3d 917 (9th Cir. 2002), directly on point. In *Torre*, a diversity case, the plaintiffs filed their complaint two days before the two-year limitations period expired. *Id.* at 918. Like Smith, the plaintiffs in *Torre* argued that although they had failed to serve the defendants within

---

jurisdiction, to any issue or claim which has its source in state law." 234 F.2d at 540 n.1 (citation omitted).

[9] Decisions from the District of Oregon have consistently held that the timeliness of pendent state-law claims is governed by state law. *Johnson v. Allergy & Asthma Ctr. of S. Or., PC*, 2024 WL 733943, at *3 (Feb. 2, 2024), *report and recommendation adopted*, 2024 WL 728831 (D. Or. Feb. 22, 2024); *Stewart v. Rock Tenn CP, LLC*, 2015 WL 1883910, at *7 (D. Or. Apr. 24, 2015); (holding same); *Montgomery v. City of Portland Fire & Rescue*, 2009 WL 1329850, at *5 (D. Or. May 8, 2009) (holding same and collecting cases).

In support of her argument that compliance with the requirements of the Federal Rules of Civil Procedure should render her claims timely, Smith relies instead on cases in which courts declined to apply state laws governing statute of limitations or other issues of timeliness in favor of federal procedural law, but those cases involved *federal* claims—not pendent state-law claims. *See, e.g.*, *Monical v. Jackson Cnty. Sheriff's Dep't*, 2020 WL 571734 (D. Or. Feb. 5, 2020) (§ 1983 claim); *Mullens v. City of Lakewood*, 2016 WL 4571915 (W.D. Wash, Aug. 9, 2016) (same); *Sain v. City of Bend*, 309 F.3d 1134 (9th Cir. 2002) (same). Those cases are distinguishable and therefore unpersuasive.

PAGE 9 – OPINION AND ORDER

the 60-day period under ORS § 12.020, the action was nonetheless timely commenced because they had satisfied the applicable time period for service under Rule 4(m). *Id.* at 919. Rejecting that argument, the Ninth Circuit concluded that ORS § 12.020 "is a statement of a substantive decision by [Oregon] that actual service on, and accordingly actual notice to, the defendant is an integral part of the several policies served by the statute of limitations" and that under *Erie*, ORS § 12.020 therefore controlled. *Id.* at 919 (quotation marks omitted). Accordingly, the court concluded that "[t]he district court . . . correctly applied Oregon law and properly dismissed the action as time-barred." *Id.* at 920.

Under *Torre*, Smith's state-law claims are barred on statute-of-limitations grounds. As noted, the parties in this case do not dispute that the applicable limitations period expired on June 30, 2022 or that Smith failed to serve the City until 84 days after the limitations period expired and 86 days after she filed her Complaint. Because Smith failed to serve the City until more than 60 days after she filed her Complaint, her state-law claims are untimely under ORS § 12.020. Under Ninth Circuit precedent, ORS § 12.020 governs. Accordingly, the Court grants summary judgment in favor of the City against Smith's state-law claims.

## CONCLUSION

The Court GRANTS Defendant City of Portland's Motion for Summary Judgment (ECF 13).

**IT IS SO ORDERED.**

DATED this 29th day of May, 2024.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge